UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Celester Monique White, | Civil No. 12-651 (RHK/JJG) |
| Plaintiff, | |
| v. | **FINDINGS OF FACT,** |
| Federal Home Loan Mortgage | **CONCLUSIONS OF LAW** |
| Corporation d/b/a Freddie Mac, and | **AND ORDER FOR JUDGMENT** |
| U.S. Bank National Association, | |
| Defendants. | |

_____

This matter is before the Court upon the joint stipulation of Plaintiff Celester Monique White and Defendant U.S. Bank National Association for entry of a consent judgment. Based upon a review of the file, record and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1. At all times relevant herein, Defendant U.S. Bank National Association ("U.S. Bank") was and is a national association duly organized and existing under the laws of the United States and holds mortgages in the State of Minnesota.

2. At all times relevant herein, Plaintiff Celester Monique White ("White") was the owner of certain real property ("Property") situated at 3310 Sixth Street North, Minneapolis, Hennepin County, Minnesota, and legally described as follows:

> Lot 10 and the North 25 feet of Lot 9, Block 18, Baker's 4th Addition to Minneapolis, Hennepin County, Minnesota.

3. On May 2, 2003, White executed a certain Note and a mortgage (the "Mortgage") in favor of U.S. Bank encumbering the Property in favor of U.S. Bank. The Mortgage was filed for record on June 4, 2003, in the office of the Hennepin County Recorder as Document No. 8062181 in the original amount of $123,190.

4. After default in required installments upon said Note and Mortgage that became due, U.S. Bank, by virtue of the acceleration clause contained in said Mortgage, did accelerate the loan and scheduled a mortgage foreclosure sale, which sale was completed.  U.S. Bank was the successful bidder at the Sheriff's mortgage foreclosure sale, and a Sheriff's Certificate of Sale and attachments were filed for record on January 27, 2011, in the office of the Hennepin County Recorder as Document No. A9617614.

5. By separate written agreement, U.S. Bank and White have agreed, *inter alia*, that the Mortgage should be revived as if said mortgage foreclosure proceedings had not occurred and the aforesaid Sheriff's Sale should be declared null and void.

6. There are no parties that will be prejudiced by the relief requested herein.

7. The parties request a judgment nullifying the Sheriff's foreclosure sale and reviving the Mortgage filed as Document No. 8062181 to its original priority, together with the Note of even date, together with all its terms and conditions as modified by the parties' subsequent written agreement.

## CONCLUSIONS OF LAW

8. The Court has jurisdiction over the parties.  The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1442 and 12 U.S.C. § 1452(f).

9. The Sheriff's Certificate of Sale and attachments recorded as Hennepin County Recorder Document No. A9617614 are annulled and shall be of no further force and effect.

10. The Note and the Mortgage filed as Hennepin County Recorder Document No. 8062181 are revived in full force and effect to their original priority, together with all of the terms and conditions contained therein including, but not limited to, the power of sale contained therein, as provided by said Note and Mortgage, subject to prior encumbrances of record if any concerning the real property situated in Hennepin County and legally described as:

> Lot 10 and the North 25 feet of Lot 9, Block 18, Baker's 4th Addition to Minneapolis, Hennepin County, Minnesota.

11. The interests of White are subject to and inferior to the Mortgage in favor of U.S. Bank.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 27, 2012

                                          s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge